IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA G. MCCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2429-KHV |
| MEDICALODGES, INC., CINDY FRAKES, ) | |
| SEAN GARVIN, AND MARY BAAR, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's Motion To Respond Out Of Time To Show Cause Order (Doc. #8-1) and Response to Order To Show Cause (Doc. #8-2), both filed March 23, 2006.

On March 2, 2006, the Court ordered plaintiff to show cause on or before March 15, 2006 why she had not served process on defendant Sean Garvin. On March 23, 2006, plaintiff filed a motion to respond out of time to the order to show cause. Plaintiff stated that her attorney had experienced a "Perfect Storm" of circumstances in late February and early March of 2006, including (1) a change of offices, (2) a family medical emergency and (3) a loss of paralegal help. Based on these representations, the Court finds that plaintiff's motion to respond out of time should be sustained.

In her response to the order to show cause, plaintiff asserts in conclusory fashion that she has been unable to locate Garvin because he has evaded service. She states that her attorneys have

-1-

"made diligent attempts to find Sean Garvin and finally believe that they have found him and hope to have service on him within the next 30 days."[1]

Rule 4(m), Fed. R. Civ. P., requires that plaintiff serve the summons and complaint within 120 days after filing of the complaint. Plaintiff filed her complaint on October 3, 2005. The Court issued the order to show cause on March 2, 2006 – 155 days after plaintiff filed her complaint. Plaintiff therefore did not timely serve Garvin. Rule 4(m) directs the Court to dismiss the action without prejudice if the deadline is not met or – if plaintiff shows good cause for the failure – order that service be effected within a specified time.

Where a plaintiff seeks an extension of time to serve defendant, the preliminary inquiry under Rule 4(m) is whether plaintiff had shown good cause for the failure to timely effect service. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). If good cause is shown, plaintiff is entitled to a mandatory extension of time. If plaintiff does not show good cause, the Court must consider whether a permissive extension of time is warranted or whether the case should be dismissed without prejudice. Id. Even where good cause is not shown, courts prefer to decide cases on their merits rather than on technicalities. See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982).

Medicalodges opposes an extension here, asserting that plaintiff's delay can only be characterized as inadvertence or neglect. See In re Kirkland, 86 F3d. 172, 176 (10th Cir. 1996) (inadvertence, negligence, mistake of counsel or ignorance of the rules do not constitute good cause). Indeed, plaintiff's conclusory statements that Garvin attempted to evade service – unsupported by

---

[1] Plaintiff's response was filed about six weeks ago, and the record contains no evidence that plaintiff secured service within 30 days.

affidavits or other evidence – do not establish good cause. Medicalodges asserts that it has been prejudiced by the delay in service because it has been precluded from beginning discovery. The case is not stayed, however, and there is no record evidence that Medicalodges requested a scheduling conference or tried to initiate discovery. The Court finds that a further brief delay will not prejudice defendants.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Respond Out Of Time To Show Cause Order (Doc. #8-1) be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED that on or before May 26, 2006, plaintiff shall file proof of service of Sean Garvin. If plaintiff does not file proof of service on or before May 26, 2006, this order shall constitute a dismissal without prejudice of all claims against Garvin.**

Dated this 17th day of May, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge