IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARBARA G. MCCORMICK,            )
                                 )
              Plaintiff,          )
                                 )
v.                               )        Case No. 05-2429-KHV
                                 )
MEDICALODGES, INC., et al.,      )
                                 )
              Defendants.         )

## ORDER

This case comes before the court on the motion (**doc. 58**) of the plaintiff, Barbara G.

McCormick, to reconsider the court's order of December 11, 2006 (doc. 54), in which the

court denied plaintiff's motion to amend her complaint.  Plaintiff has filed a memorandum

in support (doc. 59).  For the reasons set forth below, plaintiff's motion is denied.

D. Kan. Rule 7.3, in pertinent part, provides:

> A party may file a motion asking a judge or magistrate judge to
> reconsider an order or decision made by that judge or magistrate
> judge.
>
>  . . . .
>
> (b)  . . .  A motion to reconsider shall be based on (1) an
> intervening change in controlling law, (2) availability of new
> evidence, or (3) the need to correct clear error or prevent
> manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1]

---

[1] *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

O:\ORDERS\05-2429-khv-58.wpd

A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[2]  A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[3]  Such a motion "is not a second chance for the losing party to makes its strongest case or to dress up arguments that previously failed."[4]

As stated in the court's original order, under Fed. R. Civ. P. 15(a), once a responsive pleading has been filed, "a party may amend only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Generally, the court denies leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[5]  Because plaintiff's motion was filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b).  That is, courts in this jurisdiction

---

[2] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[3] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

[4] *Voelkel*, 846 F. Supp. at 1483 (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Ctr. v. Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

[5] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

consistently have held that, when considering a motion to amend filed after the date established in a scheduling order, the court must determine whether "good cause" within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion[6] and if the Fed. R. Civ. P. 15(a) standards have been satisfied.

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The party seeking to extend a scheduling order deadline must establish good cause by proving that the deadline could not have been met with diligence.[7]

In her papers, plaintiff essentially argues that she should be allowed to amend her complaint out of time because defendant did not disclose a certain witness prior to the deadline for filing motions to amend. In its original order, the court stated that plaintiff had not provided any specific instances in support of her argument that the facts giving rise to the claim she wished to add were discovered during discovery. The instant motion appears to be nothing more than an attempt to dress up her original argument to reflect the court's findings. Further, there is nothing in defendant's disclosure of the witness, or in any of the parties' briefing, that indicates the disclosure was a triggering event for a new claim. There

---

[6] *See, e.g., Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (applying this two-part inquiry) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)); *Denmon v. Runyan*, 151 F.R.D. 404, 407 (D. Kan. 1993) (same).

[7] *Denmon*, 151 F.R.D. at 407 (holding that the plaintiff failed to demonstrate the required "good cause" to justify allowing an untimely motion to amend) (citing *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991) and Fed. R. Civ. P. 16 advisory committee's notes to the 1983 amendments).

is nothing in plaintiff's motion which would lead the court to reach a different conclusion than the one reached in its prior order.  None of the factors warranting reconsideration are present in this matter.  Thus, plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated this 20th day of December, 2006, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge