IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA G. MCCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2429-KHV |
| MEDICALODGES, INC., ) | |
| CINDY FRAKES AND MARY BARR, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Barbara McCormick files suit against her former employer, Medicalodges, Inc., and former supervisors, Cindy Frakes and Mary Barr. Plaintiff alleges age discrimination and retaliatory discharge in violation of Title VII, 42 U.S.C. § 2000e et seq., and retaliatory discharge in violation of Kansas whistleblower law. This matter comes before the Court on defendants' Motion To Dismiss (Doc. #19) filed September 12, 2006. For reasons stated below, the Court finds that defendants' motion should be sustained in part.

### Background

Plaintiff's complaint may be summarized as follows:

Plaintiff is a Caucasian female over the age of 40. She began working for Medicalodges, Inc. at the Alzheimer's Center of Kansas City, Kansas on March 31, 2003. Plaintiff had a lifting restriction and her initial job was a desk job which did not require lifting. After a short time, plaintiff was promoted to Director of Nursing, a job which also did not require lifting.

During a meeting in November of 2003, Mary Barr and Cindy Frakes, plaintiff's superiors, announced in a meeting that several older employees "had to go." Barr and Frakes started a campaign to force these older employees to resign. Plaintiff refused to engage in the campaign. During the winter of 2003, Barr and Frakes also openly targeted other employees who reported to state authorities accidents caused by mismanagement and/or negligence. Plaintiff reported these violations of Kansas law and health care regulations to the new administrator in the spring of 2004. After plaintiff reported these violations and complained of age discrimination in 2004, defendants demoted plaintiff to a "QA" nurse.[1] As part of her job as a QA nurse, plaintiff reviewed files. Defendants removed the chair and table in the file room and required plaintiff to stand on her feet for several hours at a time while she reviewed files.

Plaintiff alleges that defendants discriminated against her on the basis of age when they demoted and then constructively discharged her. She also alleges that defendants retaliated against her for reporting age discrimination in violation of 42 U.S.C. 2000e et seq., and reporting violations of Kansas law and regulations.[2]

### Rule 12(b)(6) Motion To Dismiss Standards

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from

---

[1] The complaint does not explain "QA" nurse.

[2] Although the complaint alleges that defendants discriminated against her on the basis of disability as well as her age, plaintiff's response states that she alleges only age discrimination and retaliation and whistleblower retaliation. See Plaintiff's Memorandum (Doc. #47 at 1).

those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support her claims. Although plaintiff need not precisely state each element of her claims, she must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Analysis**

Defendants first assert that they are entitled to dismissal because the substantive law on which plaintiff bases her age discrimination claims – Title VII – does not prohibit age discrimination. In the alternative, individual defendants Frakes and Barr argue that they are not proper defendants because they are not employers under Title VII or the ADEA. In response, plaintiff agrees that the age discrimination and age retaliation claims should be dismissed.

All defendants assert that the state law whistleblower retaliation claim should be dismissed because Kansas does not provide statutory whistleblower claims. Kansas has recognized public policy exceptions to its employment-at-will doctrine, one of which is that an employee may not be discharged for whistleblowing. Palmer v. Brown, 242 Kan. 893, 900, 752 P.2d 685, 689-90 (1988). Under Kansas law, plaintiff establishes a prima facie case of retaliation by showing that (1) a reasonably prudent person would have concluded that defendant was violating rules, regulations or law pertaining to public health, safety and general welfare; (2) the whistleblowing was done in good faith based on a concern regarding that wrongful activity, rather than a corrupt motive like malice, spite, jealousy or personal gain; (3) the employer knew of the employee's report before it discharged the employee; and (4) defendant discharged the employee in retaliation for making the report. Goodman v. Wesley Med. Ctr., L.L.C., 276 Kan. 586, 589-90, 78 P.3d 817, 821 (2003) (citing Palmer,

242 Kan. at 900, 752 P.2d at 689-90). Although plaintiff's complaint is not a model of clarity, it adequately alleges a common law claim of retaliation for whistleblowing. See Complaint, para. 31 ("All [d]efendants mentioned above engaged in retaliation against plaintiff for her reports of discrimination and in violation of Kansas reporting statutes for nursing homes"). Plaintiff's whistleblowing allegations therefore state a claim on which relief may be granted.

Frakes and Barr argue that they should be dismissed because individual defendants are not liable for common law whistleblower retaliation claims. See Rebarchek v. Farmers Coop. Elevator, 272 Kan. 546, 562, 35 P.3d 892, 904 (2001). Plaintiff agrees that Frakes and Barr should be dismissed as defendants.

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss (Doc. #19) filed September 12, 2006 be and hereby is **SUSTAINED** in part. All claims against defendants Frakes and Baar are dismissed with prejudice. All claims against Medicalodges, Inc. for age discrimination and retaliation for opposition to age discrimination are also dismissed with prejudice.

Plaintiff's state law claim against Medicalodges, Inc. for whistleblower retaliation remains in the case.

Dated this 28th day of December, 2006 at Kansas City, Kansas.

>   s/Kathryn H. Vratil
>   KATHRYN H. VRATIL
>   United States District Judge