IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA G. MCCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2429-KHV |
| MEDICALODGES, INC., ) | |
| CINDY FRAKES AND MARY BARR, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Barbara McCormick brings suit against her former employer, Medicalodges, Inc., and former supervisors, Cindy Frakes and Mary Barr, alleging age discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq., and retaliatory discharge in violation of Kansas whistleblower law. On November 7, 2006, plaintiff filed a motion seeking leave to amend her complaint to dismiss her claims of age discrimination and retaliation for opposition to age discrimination and to add a claim of retaliation for opposition to race discrimination. On December 11, 2006, Magistrate Judge James O'Hara overruled plaintiff's motion to amend her complaint. Doc. #54. This matter is before the Court on plaintiff's Objections To Magistrate Judge's Order Denying Amendment Of Pleadings Out Of Time Pursuant To Rule 72.1.4 (Doc. #60) filed December 18, 2006 and plaintiff's Motion For Review [Of] Non-dispositive Order Of Magistrate Pursuant to Local Rule 72.1.4 (Doc. #63) filed December 21, 2006, both of which seek review of the magistrate order overruling plaintiff's motion to amend her complaint. For reasons set forth below, the Court finds that plaintiff's objections and motion should be overruled.

**Factual Background**

On October 3, 2005, plaintiff filed her complaint alleging age discrimination and retaliatory discharge under Title VII and retaliatory discharge in violation of Kansas whistleblower law. On July 20, 2006, Judge O'Hara entered a scheduling order which set a deadline of September 6, 2006 to file motions to amend the pleadings. On October 16, 2006, plaintiff filed her first motion to amend the complaint. See Doc. #28. On November 2, 2006, Judge O'Hara overruled plaintiff's motion to amend for failure to comply with D. Kan. Rule 15.1. See Doc. #48. Judge O'Hara granted plaintiff an extension of time to 12:00 noon, November 6, 2006 to file an amended motion to amend the complaint. On November 7, 2006, plaintiff filed a motion seeking leave to amend her complaint to dismiss her claims of age discrimination and retaliation for opposition to age discrimination and to add a claim of retaliation for opposition to race discrimination. Defendant objected to the proposed amended complaint as untimely and prejudicial to defendant. On December 11, 2006, Judge O'Hara overruled plaintiff's motion to amend her complaint. Judge O'Hara found that plaintiff did not show good cause to allow the untimely amendment under Rule 16(b), Fed. R. Civ. P., even under the liberal amendment policy of Rule 15(a), Fed. R. Civ. P. Plaintiff seeks review of Judge O'Hara's order.

**Standards For Review Of Magistrate Judge Non-Dispositive Order**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Rule 72(a), Fed. R. Civ. P.; 28

U.S.C. § 636(b)(1)(A); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R .D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for clear abuse of discretion).

## Analysis

Plaintiff asserts that Judge O'Hara abused his discretion in ruling that plaintiff did not show good cause for filing her motion to amend one day late. As defendant points out, however, Judge O'Hara did not deny the motion for leave to amend because plaintiff filed it one day late. Rather, Judge O'Hara denied plaintiff's motion to amend because she failed to meet the standards under Rules 15(a) and 16(b), Fed. R. Civ. P., as follows:

> Under Fed. R. Civ. P. 15(a), once a responsive pleading has been filed, "a party may amend only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Generally, the court denies leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment." Castleglen v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993) citing Foman v. Davis, 371 U.S. 178, 182 (1962). Because plaintiff's motion was filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b). That is, courts in this jurisdiction consistently have held that, when considering a motion to amend filed after the date established in a scheduling order, the court must determine whether "good cause" within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied. See, e.g., Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995) (applying this two-part inquiry) citing SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518 (10th Cir. 1990); Denmon v. Runyan, 151 F.R.D. 404, 407 (D. Kan. 1993) (same).

> Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The party seeking to extend a scheduling order deadline must establish good cause by proving that the deadline could not have been met with diligence. Denmon, 151 F.R.D. at 407 (holding that the plaintiff failed to demonstrate the required "good cause" to justify allowing an untimely motion to amend) citing Pfeiffer v. Eagle Mfg. Co., 137 F.R.D. 352, 355 (D. Kan. 1991) and Fed. R. Civ. P. 16 advisory committee's notes to the 1983 amendments.

Doc. #54 at 2-3 (footnotes in original inserted into text).

Plaintiff did not file her motion to amend on or before September 6, 2006 as required in the scheduling order. Under Rule 16(b), a movant must show "good cause" why the deadline should be extended. See Sithon Maritime Co. v. Holiday Mansion, 177 F.R.D. 504, 508 (D. Kan. 1998). To establish good cause, plaintiff must show that the scheduling order deadline "could not have been met with diligence." Id. Plaintiff argued before Judge O'Hara that (1) she did not unduly delay because the retaliation claim "developed in the course of discovery," and (2) the personal problems of counsel and his unfamiliarity with the local rules contributed to the delay. In overruling plaintiff's motion, Judge O'Hara found as follows:

> [P]laintiff has failed to demonstrate diligence or 'good cause' within the meaning of Rule 16(b). Plaintiff has not provided any specific instances in support of her argument that the facts giving rise to her retaliation claim were discovered during discovery. The court finds that plaintiff knew or should have known of the facts upon which the proposed amendment is based prior to the filing of her complaint, or at least prior to the deadline for filing motions to amend.
>
> Next, although sympathetic to the personal problems plaintiff's counsel has recently had, the court is unwilling to allow plaintiff to amend her complaint on this basis. The court also finds that plaintiff's counsel's lack of familiarity with the rules of this court is not a valid ground for allowing the proposed amendment at this late date. Rather, the court finds to do so would clearly cause defendant to suffer undue prejudice.

Doc. 54 at 3.

In her motion for review, plaintiff asserts that defendant's supplemental Rule 26 disclosure – which she received after the time to amend had run – brought to light facts which supported a claim of retaliation for opposition to race discrimination. Defendant points out, however, that on October 17, 2006 – the date that plaintiff first moved to amend to add the race retaliation claim – she had not received the supplemental Rule 26 disclosure. Therefore, the supplemental disclosure could not have provided new facts on which the proposed amendment is based. Plaintiff has not demonstrated that Judge O'Hara abused his discretion in overruling her motion to amend the complaint.

On September 12, 2006, defendants filed a Motion To Dismiss (Doc. #19) seeking to dismiss all of plaintiff's claims. On December 28, 2006, this Court sustained defendant's motion to dismiss in part, and found that the only remaining claim is plaintiff's state law claim against Medicalodges, Inc. for whistleblower retaliation. Pursuant to 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction once it has dismissed the claims over which it had original jurisdiction. Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1236 (10th Cir. 1998). If all federal claims are dismissed before trial, state law claims will generally be dismissed. Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990). The Court declines to exercise jurisdiction over plaintiff's remaining state law claim against Medicalodges, Inc. for whistleblower retaliation.

**IT IS THEREFORE ORDERED** that plaintiff's Objections To Magistrate Judge's Order Denying Amendment Of Pleadings Out Of Time Pursuant To Rule 72.1.4 (Doc. #60) filed December 18, 2006 and plaintiff's Motion For Review [Of] Non-dispositive Order Of Magistrate Pursuant to Local Rule 72.1.4 (Doc. #63) filed December 21, 2006 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's state law claim against Medicalodges, Inc. for whistleblower retaliation be and hereby is **DISMISSED WITHOUT PREJUDICE**.

Dated this 8th day of February, 2007 at Kansas City, Kansas.

<pre>
                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge
</pre>